```
              IN THE UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF ARKANSAS
                       WESTERN DIVISION


UNITED STATES OF AMERICA,

                 Plaintiff,

    v.                                  No. 4:09CR00069 JLH

TERRY L. SANDERS,                       September 18, 2009
                                        Little Rock, Arkansas
                 Defendant.             9:14 a.m.
```

**TRANSCRIPT OF SENTENCING PROCEEDINGS**
BEFORE THE HONORABLE J. LEON HOLMES,
UNITED STATES DISTRICT JUDGE


APPEARANCES:

On Behalf of the Government:

    MR. MICHAEL S. GORDON, Assistant U. S. Attorney
      United States Attorney's Office
      425 West Capitol Avenue, Suite 500
      Post Office Box 1229
      Little Rock, Arkansas  72203-1229


On Behalf of the Defendant:

    MR. JEROME T. KEARNEY, Attorney at Law
      Federal Public Defender's Office
      The Victory Building
      1401 West Capitol Avenue, Suite 490
      Little Rock, Arkansas  72201


Defendant Present.


    Proceedings reported by machine stenography and displayed in realtime; transcript prepared utilizing computer-aided transcription.


                Eugenie M. Power, RMR, CRR, CCR
                  United States Court Reporter

1         P R O C E E D I N G S

2         THE COURT:  We're here this morning for sentencing in
3 the case of United States v. Terry L. Sanders, Case No.
4 4:09CR69-01.  The defendant, Terry L. Sanders, is in court and
5 is with his lawyer, First Assistant Federal Public Defender
6 Jerome Kearney, and the prosecution is represented by Assistant
7 United States Attorney Michael Gordon.
8     Are the parties ready?
9         MR. KEARNEY:  Yes, Your Honor.
10         MR. GORDON:  Ready, Your Honor.
11         THE COURT:  Terry L. Sanders was charged in a
12 one-count indictment on March 4, 2009, with a false statement
13 related to a terrorism incident, a violation of 18 U.S.C.
14 Section 1038(a)(1).  The offense occurred from January 19, 2009,
15 to January 22, 2009.
16     On June 8, 2009, he appeared in court with Mr. Kearney and
17 pled guilty to Count 1, pursuant to a written plea agreement.
18     If you'll come forward, Mr. Sanders.
19     Mr. Sanders, are you satisfied with the work that
20 Mr. Kearney has done for you in this case?
21         THE DEFENDANT:  Yes, Your Honor.
22         THE COURT:  In all respects?
23         THE DEFENDANT:  Yes, sir.
24         THE COURT:  If you had any problems with anything he's
25 done or not done, this would be the time to tell me.  Do you

1   understand that?
2            THE DEFENDANT:  Yes, sir.
3            THE COURT:  Do you know of any reason you should be
4   allowed to withdraw your guilty plea?
5            THE DEFENDANT:  No, sir.
6            THE COURT:  Do you want to withdraw your guilty plea?
7            THE DEFENDANT:  No, sir.
8            THE COURT:  What we'll do today, we'll determine the
9   sentencing guideline range for your case.  I'll consider whether
10  to depart from that range for reasons provided for in the
11  guidelines manual.  I'll consider whether to impose a sentence
12  outside the guidelines.  And I'll impose a sentence considering
13  all the factors under 18 U.S.C. Section 3553(a).
14       Now, did you get to go over the presentence report with
15  Mr. Kearney?
16           THE DEFENDANT:  Yes, sir.
17           THE COURT:  Mr. Kearney, are there any objections to
18  the presentence report?
19           MR. KEARNEY:  No remaining objections, Your Honor.
20  There was one that's listed, but I agree with the Probation's
21  assessment of it, even though -- the objection had to do with
22  consolidation of two convictions, but there was an intervening
23  arrest, and so that disqualifies him.
24           THE COURT:  All right.  I'll adopt the presentence
25  report -- I didn't ask you, Mr. Gordon.

1          MR. GORDON:  No objection, Your Honor.

2          THE COURT:  Thank you.  I'll adopt the presentence

3 report, and if either side appeals my sentence it will be

4 released to the lawyers for the parties without further orders

5 of the Court.

6     The base offense level is 12.  There's a two-level

7 reduction for acceptance of responsibility.  So the final

8 offense level is 10.  There are a total of 13 criminal history

9 points, so the criminal history category is VI.  The statutory

10 term of imprisonment is not more than five years.

11     Based on an offense level of 10 and a criminal history

12 category of VI, the guideline imprisonment range is 24 to 30

13 months.  Supervised release would be not less than two and not

14 more than three years.  Probation under the statute would be not

15 less than one year and not more than five.  Probation is not

16 authorized under the guidelines because the minimum guideline

17 range exceeds six months.  The statutory maximum fine is

18 $250,000.  Under the guidelines, the fine range is from 2,000 to

19 $20,000.  A special assessment of $100 is mandatory and has not

20 been paid.  The financial report indicates that Mr. Sanders

21 would not be able to make a lump sum payment or installment

22 payments on a fine.  There are no restitution needs.

23     Are there any objections to this interpretation of the

24 sentencing options?

25          MR. KEARNEY:  No, Your Honor.

1          MR. GORDON:  No, Your Honor.

2          THE COURT:  Mr. Kearney, I'll recognize you at this
3    time.

4          MR. KEARNEY:  As it stands, my client is facing 24 to
5    30 months, Your Honor.  And as the Court is aware, the
6    guidelines are not mandatory.  My client would just -- I mean, I
7    know that the Court can see from his criminal history that there
8    is some criminal history involved in his past.  In this
9    particular case, he did come forward, after he had been
10   indicted, and readily cooperated, in terms of both expressing
11   his willingness to go forward with a plea as well as offering to
12   cooperate in other ways.  So he's asking the Court to be lenient
13   in its sentencing of him.

14        He also has a remaining sentence in the Texas Department of
15   Corrections, and he's asking the Court to run his sentence
16   concurrent to the sentence that's in the Texas Department of
17   Corrections.  And I've spoken with the prosecutor, and he has no
18   objection to the Court running it concurrently.

19         THE COURT:  Okay. What would be the reason for
20   running it concurrently here?  I mean, they're completely
21   different offenses and occurred at different times and have no
22   connection.

23         MR. KEARNEY:  They are, no connection.  The Court has
24   discretion to do so.  He has offered to cooperate with the
25   government.  So those are the reasons.

1    THE COURT: Mr. Sanders, you have the right to speak
2 on your own behalf and to tell me anything that you want to tell
3 me that's relevant to sentencing.
4    THE DEFENDANT: Yes, sir. I'm just sorry I did it. I
5 mean, that's really all I can say.
6    THE COURT: Mr. Gordon?
7    MR. GORDON: Your Honor, Mr. Sanders has a criminal
8 history that dates all the way back to 1990 and hasn't stopped
9 since then. He's got numerous convictions that are all theft
10 and fraud related. He's lied, cheated, and stolen money,
11 services, or property from numerous people and businesses since
12 1990. And then when he got caught on a parole violation where
13 he absconded, he tried to con his way out of it.
14    His range is 24 to 30 months, and I think he's earned every
15 day of the 30 months at this point, and that's what we're asking
16 for.
17    THE COURT: Okay. Anything else, Mr. Kearney?
18    MR. KEARNEY: No, Your Honor.
19    THE COURT: Well, of course, the guidelines I
20 recognize are advisory and my job is to take them into account,
21 but actually to apply the factors in 3553(a). And there are a
22 number of factors there, and I don't think all of them are
23 equally important in every case. In some cases some of them are
24 more important than others. In this one, this defendant has
25 many convictions of crimes of dishonesty as anybody I've seen

1  come through here, going back to 1990, as Mr. Gordon noted.  And
2  I don't see any indication that that's going to stop.  And so
3  one of the more important considerations here is to protect the
4  public from further crimes of the defendant.  And so not to
5  neglect the others, but I think that in this instance that's the
6  3553(a) factor that strikes me as the most important and that's
7  why I'm commenting on it.
8       Mr. Sanders will be committed to the custody of the Bureau
9  of Prisons for a term of 30 months to run consecutively to the
10 undischarged term of imprisonment in the Texas Department of
11 Criminal Justice.  The Court recommends that he participate in
12 mental health treatment and educational and vocational programs
13 during incarceration.
14      A term of supervised release of three years is imposed to
15 follow imprisonment with the following special conditions:
16      The presentence report indicates a history of substance
17 abuse.  Pursuant to the Violent Crimes Control Act, the
18 defendant will be subject to a special condition of drug testing
19 while on supervised release, under the guidance and supervision
20 of the Probation Office.
21      The defendant must participate, under the guidance and
22 supervision of the probation officer, in a substance abuse
23 treatment program, which may include testing, outpatient
24 counseling, and residential treatment.  And the defendant must
25 abstain from the use of alcohol throughout the course of

1   treatment.
2       The defendant must cooperate in the collection of DNA, as
3   directed by the probation officer.  The defendant must
4   participate in mental health counseling, under the guidance and
5   supervision of the Probation Office.
6       No fine is imposed as the defendant is not able and is not
7   likely to become able to pay all or even part of a fine, even
8   with the use of a reasonable installment schedule.  A
9   one-hundred-dollar special assessment is mandatory in this case.
10      I should add that I think that the seriousness of the
11  offense -- I think the offense is more serious than it might
12  appear.  I suspect that Mr. Sanders kind of viewed it as a
13  prank, but this kind of thing really has the capacity to
14  undermine the ability of the government to respond to terrorism.
15  And it really does.  So it's just got to be stopped.  And I
16  think that it's a more serious crime than I suspect he
17  considered at the time.  But I believe it's a serious crime.
18  And I wanted to add that comment as part of the reason under the
19  3553(a) factors for the sentence.  And I also did not believe it
20  would be appropriate here to run it concurrent to the time at
21  the Texas Department of Corrections because there's simply no
22  connection whatsoever between the two offenses.  Wholly
23  unrelated.  And there's no reason for him to get credit,
24  basically, for one crime because he'd already committed another
25  one.  There's time to pay on both of them.  If they were related

1   in some way so that if they were to run consecutive, it would be
2   kind of double counting.  I certainly wouldn't do that.  But
3   that's not the case here.  They're completely unrelated.  So
4   those are my justifications for the sentence.
5       Mr. Sanders, do you believe there's anything about this
6   sentence that you believe violates an understanding or an
7   agreement that you had with anyone?
8           THE DEFENDANT:  No, sir.
9           THE COURT:  You have the right to appeal your
10  conviction if you believe that your guilty plea was involuntary
11  or if there's some other fundamental defect in the proceeding
12  that was not waived by your guilty plea.  You also have a
13  statutory right to appeal your sentence, particularly if you
14  think the sentence is contrary to law.  With very few
15  exceptions, a notice of appeal must be filed within ten days of
16  judgment being entered in your case.  If you're unable to pay
17  the costs of appeal, you may apply for leave to appeal in forma
18  pauperis.  If you ask, the Clerk of the Court will prepare and
19  file a notice of appeal on your behalf.
20      And we'll keep Mr. Sanders in custody.  Is there anything
21  else?
22          MR. KEARNEY:  Yes, Your Honor.  My client wants the
23  Court to recommend a facility in Florida.  He says his family,
24  his daughter, lives there, and he'd like the Court to recommend
25  a facility in Florida.

1          THE COURT:  Where in Florida does your daughter live?
2          THE DEFENDANT:  They're in Miami, sir.
3          THE COURT:  I'll put in there that you have a daughter
4   who lives in Miami and we recommend a facility near there so she
5   can visit you.
6          THE DEFENDANT:  Thank you, sir.
7          THE COURT:  Is there anything else?
8          MR. KEARNEY:  No, Your Honor.
9          THE COURT:  We're adjourned.
10       (Whereupon, the hearing concluded at 9:25 a.m.)
11                        C E R T I F I C A T E
12     I, Eugenie M. Power, Official Court Reporter, do hereby
13  certify that the foregoing is a true and correct transcript of
14  proceedings in the above-entitled case.
15
16  /s/ Eugenie M. Power, RMR, CRR, CCR        Date:  October 7, 2009
    United States Court Reporter
17
18
19
20
21
22
23
24
25

                     Eugenie M. Power, RMR, CRR, CCR
                       United States Court Reporter